# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

OSI DEFENSE SYSTEMS, LLC is a
Florida limited liability company,

          Plaintiff,

vs.                           CASE NO. 6-05-CV-863-28JGG

UNIVERSAL SYSTEMS & TECHNOLOGY,
INC. OF VIRGINIA, a foreign corporation a/k/a
UNIVERSAL SYSTEMS AND TECHNOLOGY,
INC., STEVE PRESTON, an individual,
ANDREW CARPENTER, an individual, JESSE
DAVIS, an individual, BASIL FATEHALLA, an
individual, ED KAPROCKI, an individual, TOM
PENNER, an individual, CHARLES PENROSE, an
individual, DORIS WILLIAMSON, an individual,
STEVE SOMERVILLE, an individual, WARD PUGH,
an individual, JOHN VEY, an individual, ROBERT
HOPPENFELD, an individual, RON MILLER, an
individual, MARK SOSIDT, an individual,

          Defendants.
_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for oral argument on August 26, 2005, on Plaintiff, OSI Defense System's LLC's, ("OSI") Motion to Remand and Request for Attorneys' Fees and supporting Memorandum of Law (Docket Number 4) and Defendants', UNIVERSAL SYSTEMS & TECHNOLOGY, INC. OF VIRGINIA, a foreign corporation a/k/a UNIVERSAL SYSTEMS AND TECHNOLOGY, INC., ("Unitech") STEVE PRESTON, an individual, ANDREW CARPENTER, an individual, JESSE DAVIS, an individual, BASIL FATEHALLA, an individual,

ED KAPROCKI, an individual, TOM PENNER, an individual, CHARLES PENROSE, an individual, DORIS WILLIAMSON, an individual, STEVE SOMERVILLE, an individual, WARD PUGH, an individual, JOHN VEY, an individual, ROBERT HOPPENFELD, an individual, RON MILLER, an individual, MARK SOSIDT, an individual, (collectively "Defendants") Notice of Removal from Orange County Case Number 05-CA-3868 (Docket Number 1) and Memorandum in Opposition regarding Motion to Remand (Docket Number 11).

| | |
|---|---|
| **MOTION:** | **Motion to Remand and Request for Attorneys' Fees (Doc. No. 4)** |
| **FILED:** | **June 22, 2005** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. Background

On June 10, 2005, the Defendants filed a Notice of Removal (Docket Number 1) of OSI's civil action brought in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Case Number 05-CA-3868 alleging (i) violations of trade secrets under Florida Statutes Chapter 688; (ii) unfair competition in violation of §501.204, Florida Statutes; (iii) breach of non-disclosure agreement; (iv) breach of confidentiality agreement against Unitech and (v) unjust enrichment. OSI's amended complaint seeks to enjoin Defendants from using any of OSI's source code and software. OSI's amended complaint also seeks money damages associated with Defendants' alleged misappropriations of OSI's proprietary trade secrets related to OSI's laser based training system software and hardware. The training system is known as the Multiple

Integrated Laser Engagement System ("MILES") training systems, which provides the military, security and police forces with Tactical Engagement Simulation Systems.

## II. The Law

Federal courts are courts of limited jurisdiction. Section 1331 of Title 28 of the United States Code provides federal jurisdiction for matters arising under federal law. Section 1331 jurisdiction may be founded upon federal common law when: (1) the dispute implicates a unique federal interest, and (2) a significant conflict between an identifiable federal policy or interest and the operation of state law or the application of state law would frustrate specific objectives of federal legislation. *Boyle v. United Technologies Corp.*, 487 U.S. 500, 504 (1988).

Although the United States Court of Appeals for the Eleventh Circuit has followed *Boyle* in another context, *see Doris v. Eagle Pitcher Indus.*, 898 F.2d 1487 (11th Cir. 1990), the Eleventh Circuit has never expressed an opinion directly on the issues raised by OSI and Unitech in their motions. The United States Court for the Seventh Circuit, however, has addressed nearly identical issues in a well-reasoned opinion cited by Unitech. *See Northrop Corp. v. AIL Systems, Inc.*, 959 F.2d 1424 (7th Cir. 1992).

In the *Northrop* case, Northrop entered into a teaming agreement with AIL to work together to obtain a contract from the United States Air Force for the electronic countermeasures ("ECM") system for the B-1B bomber. The teaming agreement provided that if AIL were named the prime contractor for the development of the ECM, AIL would subcontract a specified portion of the work to Northrop. When AIL was awarded the prime contract with the United States Air

Force, it reneged on its agreement to subcontract work to Northrop. Northrop then sued AIL for breach of contract. *Id.* at 1425.

While recognizing that the procurement contract between the United States and AIL involved a unique federal interest, the Seventh Circuit found that a contractual dispute between the prime contractor and a potential subcontractor did not rise to the level of a unique federal interest. *Id.* at 1427. There was no direct connection between the teaming agreement dispute and the government's contract with AIL for the production of the ECM under the terms of the federal contract, and that the government would not be liable for any damages if AIL was found liable to Northrop. *Id.* at 1427.

The Seventh Circuit also rejected Northrop's argument that Federal Acquisition Regulations' recognition of teaming agreements supported the existence of a unique federal interest. *Id.* at 1428. According to the Seventh Circuit, general assertions of the need for a uniform body of federal law is insufficient to support federal common law jurisdiction. Northrop, therefore, failed to demonstrate that the application of state law to the contract dispute would harm the government's interests. *Id.* at 1429.

### III.   Application

Defendants removed this case, invoking this Court's federal "common law jurisdiction." The Defendants, therefore, must show that subject matter jurisdiction exists. To determine whether a cause of action arises under federal law, the Court must look at the face of the complaint. On its face, the complaint alleges no cause of action that arises under federal law.

For there to be a federal common law cause of action, *Boyle* requires first a dispute implicating a unique federal interest. Defendants contend that the United States has an immediate interest in the dispute because, should OSI prevail on its injunction, Unitech would be prevented from delivering tactical training systems to the U.S. Armed Forces. Nevertheless, Defendants concede that it would be unlikely that any judge, state or federal, would enter an order that endangers national security. Moreover, despite the Court's express notice (Docket No. 14) to the government of this action in the event it wanted to file an amicus brief or intervene in the case, the United States has not intervened in the action, and did not file any brief or appear at the August 26, 2005, hearing.

Although it appears that the federal government does not have a significant interest in this dispute between private corporations over trade secrets and unfair trade practices, the Court need not decide whether Unitech has shown a unique federal interest under the first prong of *Boyle*. For the purposes of this ruling, the Court assumes *arguendo* that a unique federal interest exists, and proceeds to evaluate the case under *Boyle's* second prong.

*Boyle's* second prong requires a significant conflict between an identifiable federal policy or interest and the operation of state law. Defendants argue that a significant conflict exists between an identifiable federal interest – the interest of the U.S. Armed Forces in receiving training equipment at a time of "war" – and the uncertainty of an interpretation of Unitech's contractual obligations under state law. *See* Docket 1 at 4. In support, Defendants contend that 48 C.F.R. §§ 2.201-270 governs the contracting process, addresses the use of source codes, and mandates the use of source codes that are available to everyone, *i.e.*, open source codes.

During oral argument, Defendants also argued that this case presents a significant conflict between 48 C.F.R. §§ 2.201-270 and §501.204 and Chapter 688, Florida Statutes, because Title 48 of the C.F.R. makes source codes not subject to misappropriation.

It is unlikely that a state judge would need to interpret the Code of Federal Regulations concerning licensed rights or government contracting procedures. If that situation should arise, however, state court judges are well suited to interpret federal law. If we can trust our outstanding circuit court judges to make decisions interpreting the United States Constitution, then certainly statutes and federal regulations will not present them with issues beyond their considerable qualifications.

Furthermore, Defendants were unable to demonstrate that state law differs from federal law or that a "significant conflict" exists between state law and a federal interest or policy. Although Defendants expressed concern about their ability to require federal employees to appear in state court, this concern is unfounded as the parties can subpoena federal employees to appear in state court proceedings.

It is important for the federal courts to exercise restraint from exercising jurisdiction in areas that the United States Congress has not assigned to them. Congress could have easily made this area a matter of federal subject matter jurisdiction, but it did not. This Court does not have subject matter jurisdiction arising under federal common law. It is therefore:

**RECOMMENDED** that OSI's Motion to Remand (D.E. 4) be **GRANTED**, and OSI's Request for Attorneys' Fees is **DENIED** as withdrawn.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September **13**, 2005.

James G. Glazebrook
United States Magistrate Judge

Copies furnished to:
The Honorable John Antoon II
Counsel of Record
Courtroom Deputy